## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | | |
|---|---|---|
| SATELLITE INDUSTRIES, INC., | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | CIVIL NO. 1:26-cv-80 |
| | ) | JURY DEMAND |
| JAG MOBILE SOLUTIONS, INC., | ) | |
| KURT J. HONER, and | ) | |
| WILLIAM L. GIBSON | ) | |
| | ) | |
| *Defendants.* | | |

## **COMPLAINT**

Plaintiff Satellite Industries, Inc. ("Satellite" or "Plaintiff"), by and through its

attorneys, hereby pleads the following claims against Defendant JAG Mobile Solutions,

Inc. ("JAG"),  Kurt J. Honer ("Defendant Honer"), and William L. Gibson ("Defendant

Gibson") (collectively, "Defendants") and alleges as follows:

## **NATURE OF ACTION**

1.      Satellite brings this action against Defendant Honer and Defendant Gibson

seeking a declaratory judgment of non-infringement concerning U.S. Patent Nos.

10,850,669 ("'669 Patent"), 10,647,261 ("'261 Patent"), 10,518,708 ("'708 Patent"),

10,525,891 ("'891 Patent"), and 11,731,562 ('562 Patent") (collectively, "the Patents-in-

Suit"), true and correct copies of which are attached as Exhibits A-E. These claims arise

under the patent laws of the United States, 35 U.S.C. § 271 *et seq.*

2.     Satellite brings this action against JAG seeking damages for its acts of false advertising, tortious interference with Satellite's business relationships, and fraudulent misrepresentations as to its ownership of the Patents-in-Suit. These claims arise under the Lanham Act, 15 U.S.C. § 1051 *et seq*., and the common law of the State of Indiana.

3.     Satellite requests this relief because Defendant Gibson, in his individual capacity and as President of JAG, has alleged and has continued to allege that Satellite infringes the Patents-in-Suit.

4.     Specifically, on June 23, 2025, counsel for JAG sent a letter to Satellite at its Minnesota headquarters alleging infringement of the Patents-in-Suit by Satellite's trailer step assembly, a true and correct copy of which is attached as Exhibit F.

5.     JAG, by and through Defendant Gibson, has also made and continues to make statements to Satellite's customers, affiliates, and others in the industry accusing Satellite of patent infringement and stating an intent to bring a patent infringement lawsuit against Satellite.

6.     A justiciable controversy therefore exists between the parties sufficient to support the relief sought by Satellite pursuant to the Declaratory Judgment Act (28 U.S.C. §§ 2201-2202), the Lanham Act (15 U.S.C. § 1051 *et seq*.), and the common law of the State of Indiana.

## PARTIES

7.      Plaintiff Satellite is a Minnesota corporation with its principal place of business located at 13705 1st Avenue North, Plymouth, MN 55441. Satellite is the largest manufacturer of portable restrooms, restroom trailers, restroom trucks, and septic trucks in the country.

8.      Upon information and belief, Defendant JAG is an Indiana corporation with its principal place of business located at 770 E State Road 120, Howe, IN 46746.

9.      Defendant JAG sells products that include "Mobile Restroom Trailers" having a stairs assembly that JAG refers to as "JAG patented."

10.     Defendant Honer is identified as the first of two named inventors on the face of each of the Patents-in-Suit.

11.     Upon information and belief, Defendant Honer is an Indiana resident residing at 2308 N 500 W, Angola, IN 46703.

12.     Defendant Gibson is identified as the second of two named inventors on the face of each of the Patents-in-Suit.

13.     Upon information and belief, Defendant Gibson is an Indiana resident residing at 725 N Easton Dr, Angola, IN 46703.

14.     Upon information and belief, Defendant Honer and Defendant Gibson jointly own the Patents-in-Suit.

## JURISDICTION AND VENUE

15.     The claims in this action against Defendant Honer and Defendant Gibson arise under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202 for a

3

declaration that, pursuant to the patent laws of the United States 35 U.S.C. §§ 1 *et seq.*, the claims of the Patents-in-Suit are not infringed by Satellite or its products, as fully described herein.

16.    The claims in this action against JAG arise under the Lanham Act, 15 U.S.C. § 1051 *et seq*. and the common law of the State of Indiana for its acts of false advertising, tortious interference with Satellite's business relationships, and fraudulent misrepresentations as to its ownership of the Patents-in-Suit, as fully described herein.

17.    The amount in controversy exceeds $75,000.00, exclusive of interest, attorneys' fees, and costs.

18.    This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1332, 1338(a) and 1367, and 15 U.S.C. § 1121.

19.    This Court has personal jurisdiction over JAG. JAG is incorporated in Indiana and maintains an office and transacts business within Indiana.

20.    This Court has personal jurisdiction over Defendant Honer and Defendant Gibson, each of whom is domiciled in Indiana.

21.    Venue is proper in this district under the provisions of  28 U.S.C. § 1391(b) and (c) because all defendants are residents of the State of Indiana and each defendant also resides in this district, because a substantial part of the events giving rise to Satellite's claims occurred in this district, and also because Defendants are subject to personal jurisdiction in this district.

22.    Moreover, an actual controversy exists between the parties as to whether Satellite infringes the Patents-in-Suit. In its June 23, 2025 letter to Satellite, JAG made an

explicit allegation of infringement, identified specific patent numbers (the Patents-in-Suit), included an image of Satellite's accused product, and stated an intent to consider legal remedies. Since then, Defendant Gibson, individually and in his role as President of JAG, has made statements to third parties accusing Satellite of infringement and stating his intent to file suit against Satellite for patent infringement, including as alleged below at paragraphs 36-42 and incorporated fully herein. Satellite denies that any of its products or activities infringe any claims of any of the Patents-in-Suit.

23.    As a result of Defendant Gibson and JAG's statements and actions, Satellite has a reasonable apprehension that Defendants will soon commence infringement litigation against it concerning the Patents-in-Suit. Thus, there is an immediate, real, and substantial justiciable controversy between Satellite and Defendants as to whether the trailer step assembly that has been accused infringes any claim of the Patents-in-Suit. This controversy is of such immediacy and reality as to warrant declaratory relief so that the parties may ascertain their rights and duties with respect to the Patents-in-Suit. Since Satellite has sold and/or offered for sale a product including a trailer step assembly in the United States and Defendants Gibson and JAG have articulated an intent to initiate litigation against Satellite now or sometime in the future concerning that product, Satellite is experiencing an ongoing threat of potential injunctive relief and/or damages. Satellite seeks this declaratory judgment so that it may proceed with its business unencumbered by the cloud caused by the baseless accusations and attempts at extrajudicial patent enforcement.

## PLAINTIFF AND ITS PRODUCTS

24.     Satellite is the world's largest supplier of products to the portable sanitation industry, which includes portable restrooms, handwash units, consumables, deodorizers, vacuum trucks, vacuum technology, unit haulers, restroom, shower, and specialty trailers.

25.     To facilitate consumers entering and exiting certain trailer products, certain Satellite products use steps to access the trailer.

26.     Defendants have accused the stair assembly of the Satellite portable restroom trailer shown in the photo below ("Accused Step Assembly") of infringing the five Patents-in-Suit:



Exhibit F at 1.

27.     Satellite has sold and/or offered for sale in the United States certain portable restroom trailers having the Accused Step Assembly.

6

## INTERACTIONS BETWEEN THE PARTIES

28.     On June 23, 2025, a letter was sent to Satellite's CEO, Mr. John Babcock, at its headquarters in Minneapolis on behalf of "JAG Mobile." *See* Exhibit F ("JAG Letter").

29.     The JAG Letter accused Satellite of infringing the five Patents-in-Suit. It contained the heading "Patent Infringement Notice, Immediate Attention Required" and bore the subject line "Patent Infringement." *Id.* The JAG Letter identified the five Patents-in-Suit, which it described as "directed to a Trailer Step Assembly." *Id.*

30.     The JAG Letter went on to say that JAG Mobile had "recently learned that Satellite Industries is offering trailers with a step assembly (shown below) which appears to infringe one or more of these patents." *Id.* The JAG Letter incorporated the image of a Satellite trailer featuring the Accused Step Assembly shown in Paragraph 26, above.

31.     Although no further details regarding this alleged infringement were provided, the JAG Letter asserted that Satellite's "continued marketing, sale, or distribution of this step assembly exposes Satellite Industries to significant legal and financial liability," alleging "willful infringement." *Id.*

32.     The JAG Letter contained a list of demands to Satellite made "on behalf of our client," including that Satellite confirm it "has ceased all sales, marketing and distribution of the infringing retractable trailer step assembly" and that Satellite "cover all of JAG Mobile's legal expenses incurred for addressing this infringement." *Id.* at 2.

33.     The JAG Letter asserted that "[f]ailure to respond by July 2, 2025 will result in "our client considering all available legal remedies" against Satellite, and was

signed by an individual identified as "represent[ing] JAG Mobile in its intellectual property matters." *Id.* at 1-2.

34.    The Satellite products identified in the JAG Letter do not infringe any valid claim of the Patents-in-Suit, either literally or under the doctrine of equivalents.

35.    Satellite, by and through its attorneys, responded on June 23, 2025 indicating that it did not infringe and noting that "[s]imply having retractable steps extending from the side of a trailer is obviously not infringing." Exhibit G.

36.    Nevertheless, JAG (by and through its President, Defendant Gibson) continues to allege that the Accused Step Assembly infringes the Patents-in-Suit and that JAG is in the process of commencing a lawsuit against Satellite. These statements, made to Satellite's customers and other members of the industry, have and continue to damage Satellite's reputation and business prospects.

37.    For example, on August 22, 2025, Defendant Gibson directly communicated these accusations of patent infringement to a Satellite employee in connection with an upcoming election of board members for the PSAI trade group. Members of PSAI include suppliers and operators of portable sanitation equipment, and thus, companies like Satellite and JAG as well as their customers.

38.    In response to the PSAI member and Satellite employee indicating she was seeking to be elected to the vacant board member position, Defendant Gibson stated that he would be unable to vote for her because of "[Satellite]'s business practices" and "tactics," which included "cop[ying] our patented stairs." Defendant Gibson reiterated that "[t]he stair issue will end up in a law suit."

39.     Defendants' infringement allegations to those in the industry, including Satellite customers and potential customers, continued.

40.     On September 14, 2025, Satellite's CEO, Mr. Babcock, had a conversation with a representative from Rentals to Go, one of Satellite's large customers. This representative, Mr. Carter Brightman, informed Satellite that Defendant Gibson had indicated that there was a large lawsuit impending against Satellite based on its infringement of JAG's patents, and that Rentals to Go should not purchase any trailers featuring the Accused Step Assembly because they would be confiscated as a result of that lawsuit.

41.     On September 17, 2025, Satellite's President, Mr. Charlie Senecal, participated in a call with a representative from United Rentals, a national operator of sanitation equipment and another of Satellite's largest customers. United Rentals' representative, Mr. Ryan Anthony, informed Satellite that JAG also made statements concerning Satellite's alleged patent infringement to United Rentals. Specifically, Defendant Gibson indicated that Satellite's Accused Step Assembly was willfully infringing, that a lawsuit was forthcoming, and that said lawsuit would result in an injunction, such that any trailers featuring the Accused Step Assemblies that United Rentals had purchased would be confiscated.

42.     On information and belief, Defendants Gibson and JAG have made similar allegations to other customers and/or affiliates, and are likely to continue to do so in an attempt to prevent Satellite's sales and damage Satellite's reputation and customer relationships.

## OWNERSHIP OF THE PATENTS-IN-SUIT

43.     Further complicating Satellite's availability to obtain relief from the

Defendants' baseless accusations of patent infringement is JAG's misrepresentation of its

interest in the Patents-in-Suit.

44.     Upon information and belief, JAG knowingly held itself out as the owner of

the Patents-in-Suit, including in communications to Satellite threatening to sue Satellite

for infringing the Patents-in-Suit, despite having no legal interest in them.

45.     JAG's marketing materials describe its own trailer step assembly as "JAG

patented." *See* https://youtu.be/-VTIUsWcFF8 (accessed February 16, 2026).

46.     A 2025 "VIP Trailer Directory" for Pumper magazine lists "Patented

cartridge safety steps" as "Standard Features" under the "JAG Mobile Solutions" page.

*See* https://www.pumper.com/equipment/pumper-vip-trailer-directory/9/jag-mobile-

solutions (accessed February 16, 2026).

47.     On information and belief, the "Standard Features" description appearing in

the JAG Mobile Solutions page of Pumper magazine described in the preceding

paragraph was provided to Pumper magazine by Defendant JAG.

48.     On information and belief, as described above in paragraphs 36-42,

Defendant Gibson has publicly made statements indicating that JAG owns and/or has

rights to assert the Patents-in-Suit at trade shows and in communications to entities in the

sanitation industry.

49.     After Satellite filed a declaratory judgment action for noninfringement of

the Patents-in-Suit against JAG in the United States District Court for the District of

Minnesota in October of 2025, counsel for JAG informed counsel for Satellite that JAG had no legal interest in the Patents-in-Suit, and, for that reason, JAG would move to dismiss Satellite's complaint.

50.     Thus, upon information and belief, the joint owners of all right, title, and interest in the Patents-in-Suit are the two named inventors of the Patents-in-Suit, Defendant Honer and Defendant Gibson.

## THE PATENTS-IN-SUIT

51.     Each of the five Patents-in-Suit is titled "Trailer Step Assembly." These patents claim and disclose retractable stair assemblies and methods related to the same. Claim 1 of the '891 Patent is exemplary:

> A trailer with a retractable stair assembly, the trailer comprising:
>
>> a trailer frame including a frame platform with an interior top side not exposed to weather elements and an opposing exterior bottom side exposed to weather elements and at least one structural beam coupled with the frame platform, wherein the at least one structural beam extends upwardly from the interior top side of the frame platform and longitudinally along at least one side of the frame platform between a front and a rear of the frame platform;
>>
>> a subfloor spaced apart from the interior top side of the frame platform, wherein an interior cavity is defined between the subfloor, the frame platform, and the at least one structural beam; and
>>
>> a retractable stair assembly movable between a stowed position in which the retractable stair assembly is positioned within the interior cavity of the trailer frame between the subfloor and the interior top side of the frame platform not exposed to weather elements and a

deployed position in which the retractable stair assembly extends
laterally out of a side of the trailer frame through a gap in the at least
one structural beam to establish a plurality of steps out of the trailer
to an egress surface.

Exhibit D, claim 1 (emphasis added).

52.     Figure 6 of the specification of the Patents-in-Suit is representative, and

depicts the stair assembly extending through a gap in structural beam (130):



**FIG. 6**

53.     Satellite's Accused Trailer Step Assembly does not infringe, literally or

under the doctrine of equivalents, any claim of the Patents-in-Suit, as alleged further

below.

12

54.     Nevertheless, Defendants continue to damage Satellite's business and reputation with their baseless allegations of patent infringement. Satellite was forced to file this lawsuit to resolve the immediate, real, and substantial justiciable controversy between the parties.

## FIRST CLAIM FOR RELIEF

### (Declaration of Non-Infringement of the '669 Patent)

55.     Satellite restates and realleges each of the allegations set forth above as if fully set forth herein.

56.     On information and belief, Defendant Honer and Defendant Gibson jointly own all substantial rights in the '669 Patent.

57.     A true and correct copy of the '669 patent is attached as Exhibit A.

58.     JAG and Defendant Gibson have alleged and continue to allege that Satellite's Accused Trailer Step Assembly infringes the '669 Patent.

59.     Satellite does not infringe any claims of the '669 patent, at least because, by way of non-limiting example, the Accused Trailer Step Assembly does not "extend[] out of the trailer frame" as recited in independent claim 1 of the '669 Patent.

60.     Satellite's activities and its Accused Trailer Step Assembly have not and do not directly infringe, do not infringe by inducement, and do not contributorily infringe any enforceable claim of the '669 Patent. Satellite's activities and its Accused Trailer Step Assembly have not and do not infringe, literally or under the doctrine of equivalents, any enforceable claims of the '669 Patent.

13

61.    A justiciable controversy therefore exists between Satellite and Defendant Honer and Defendant Gibson regarding whether the Accused Trailer Step Assembly infringes any claim of the '669 patent.

62.    Satellite seeks a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 declaring that Satellite and its Accused Trailer Step Assembly are not infringing and have not infringed, directly or indirectly, any claims of the '669 patent and granting Satellite all other declaratory relief to which it may be entitled.

## SECOND CLAIM FOR RELIEF

### (Declaration of Non-Infringement of the '261 Patent)

63.    Satellite restates and realleges each of the allegations set forth above as if fully set forth herein.

64.    On information and belief, Defendant Honer and Defendant Gibson jointly own all substantial rights in the '261 Patent. A true and correct copy of the '261 patent is attached as Exhibit B.

65.    JAG and Defendant Gibson have alleged and continue to allege that Satellite's Accused Trailer Step Assembly infringes the claims of the '261 Patent.

66.    Satellite does not infringe any claims of the '261 patent, at least because, by way of non-limiting example, the Accused Trailer Step Assembly does not "extend[] laterally out of a side of the trailer frame through an opening in the at least one structural beam" as recited in independent claim 1 of the '261 Patent.

14

67.     Satellite's activities and its Accused Trailer Step Assembly have not and do not directly infringe, do not infringe by inducement, and do not contributorily infringe any enforceable claim of the '261 Patent. Satellite's activities and its Accused Trailer Step Assembly have not and do not infringe, literally or under the doctrine of equivalents, any enforceable claims of the '261 Patent.

68.     A justiciable controversy therefore exists between Satellite and Defendant Honer and Defendant Gibson regarding whether the Accused Trailer Step Assembly infringes any claim of the '261 patent.

69.     Satellite seeks a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 declaring that Satellite and its Accused Trailer Step Assembly are not infringing and have not infringed, directly or indirectly, any claims of the '261 patent and granting Satellite all other declaratory relief to which it may be entitled.

## THIRD CLAIM FOR RELIEF

### (Declaration of Non-Infringement of the '708 Patent)

70.     Satellite restates and realleges each of the allegations set forth above as if fully set forth herein.

71.     On information and belief, Defendant Honer and Defendant Gibson jointly own all substantial rights in the '708 Patent. A true and correct copy of the '708 patent is attached as Exhibit C.

72.     JAG and Defendant Gibson have alleged and continue to allege that Satellite's Accused Trailer Step Assembly infringes the claims of the '708 Patent.

73.     Satellite does not infringe any claims of the '708 patent, at least because, by way of non-limiting example, the Accused Trailer Step Assembly does "extend[] out of the trailer frame" as recited in independent claim 1 of the '708 Patent.

74.     Satellite's activities and its Accused Trailer Step Assembly have not and do not directly infringe, do not infringe by inducement, and do not contributorily infringe any enforceable claim of the '708 Patent. Satellite's activities and its Accused Trailer Step Assembly have not and do not infringe, literally or under the doctrine of equivalents, any enforceable claims of the '708 Patent.

75.     A justiciable controversy therefore exists between Satellite and Defendant Honer and Defendant Gibson regarding whether the Accused Trailer Step Assembly infringes any claim of the '708 patent.

76.     Satellite seeks a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 declaring that Satellite and its Accused Trailer Step Assembly are not infringing and have not infringed, directly or indirectly, any claims of the '708 patent and granting Satellite all other declaratory relief to which it may be entitled.

## FOURTH CLAIM FOR RELIEF

### (Declaration of Non-Infringement of the '891 Patent)

77.     Satellite restates and realleges each of the allegations set forth above as if fully set forth herein.

78.    On information and belief, Defendant Honer and Defendant Gibson jointly own all substantial rights in the '891 Patent. A true and correct copy of the '891 patent is attached as Exhibit D.

79.    JAG and Defendant Gibson have alleged and continue to allege that Satellite's Accused Trailer Step Assembly infringes the claims of the '891 Patent.

80.    Satellite does not infringe any claims of the '891 patent, at least because, by way of non-limiting example, the Accused Trailer Step Assembly does not "extend[] laterally out of a side of the trailer frame through a gap in the at least one structural beam" as recited in independent claim 1 of the '891 Patent.

81.    Satellite's activities and its Accused Trailer Step Assembly have not and do not directly infringe, do not infringe by inducement, and do not contributorily infringe any enforceable claim of the '891 Patent. Satellite's activities and its Accused Trailer Step Assembly have not and do not infringe, literally or under the doctrine of equivalents, any enforceable claims of the '891 Patent.

82.    A justiciable controversy therefore exists between Satellite and Defendant Honer and Defendant Gibson regarding whether the Accused Trailer Step Assembly infringes any claim of the '891 patent.

83.    Satellite seeks a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 declaring that Satellite and its Accused Trailer Step Assembly are not infringing and have not infringed, directly or indirectly, any claims of the '891 patent and granting Satellite all other declaratory relief to which it may be entitled.

17

## FIFTH CLAIM FOR RELIEF

### (Declaration of Non-Infringement of the '562 Patent)

84.    Satellite restates and realleges each of the allegations set forth above as if fully set forth herein.

85.    On information and belief, Defendant Honer and Defendant Gibson jointly own all substantial rights in the '562 Patent. A true and correct copy of the '562 patent is attached as Exhibit E.

86.    JAG and Defendant Gibson have alleged and continue to allege that Satellite's Accused Trailer Step Assembly infringes the claims of the '562 Patent.

87.    Satellite does not infringe any claims of the '562 patent, at least because, by way of non-limiting example, the Accused Trailer Step Assembly does not "extend[] out of the trailer frame" as recited in independent claim 1 of the '562 Patent.

88.    Satellite's activities and its Accused Trailer Step Assembly have not and do not directly infringe, do not infringe by inducement, and do not contributorily infringe any enforceable claim of the '562 Patent. Satellite's activities and its Accused Trailer Step Assembly have not and do not infringe, literally or under the doctrine of equivalents, any enforceable claims of the '562 Patent.

89.    A justiciable controversy therefore exists between Satellite and Defendant Honer and Defendant Gibson regarding whether the Accused Trailer Step Assembly infringes any claim of the '562 patent.

90.    Satellite seeks a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 declaring that Satellite and its

Accused Trailer Step Assembly are not infringing and have not infringed, directly or indirectly, any claims of the '562 patent and granting Satellite all other declaratory relief to which it may be entitled.

## SIXTH CLAIM FOR RELIEF

### (False Advertising Under 15 U.S.C. § 1125(a))

91.    Satellite restates and realleges each of the allegations set forth above as if fully set forth herein.

92.    Defendant JAG is liable for false advertising under 15 U.S.C. § 1125(a).

93.    Defendant JAG has made false or misleading representations of fact in commercial advertisements about products that JAG uses in commerce in this District and throughout the United States, including JAG's trailer products.

94.    JAG's false or misleading representations of fact include but are not limited to representing that  trailer step assemblies on certain of its commercially available trailer products are "JAG patented."

95.    In a video posted online for "JAG Mobile Solutions," JAG described stairs on a JAG trailer product as "the exclusive JAG patented safety cartridge stair." *See* https://youtu.be/-VTIUsWcFF8 (accessed February 16, 2026). Additionally, a 2025 "VIP Trailer Directory" for Pumper magazine lists "Patented cartridge safety steps" as "Standard Features" under the "JAG Mobile Solutions" page. *See* https://www.pumper.com/equipment/pumper-vip-trailer-directory/9/jag-mobile-solutions (accessed February 16, 2026).

96.    On information and belief, Defendant JAG has made similar false or misleading representations of fact related to its ownership of the Patents-in-Suit in the context of other advertisements and at trade shows.

97.    As described herein, these statements are false and/or misleading because Defendant JAG (by its own admission) has no legal interest in the Patents-in-Suit.

98.    These false and/or misleading statements of ownership of patents by JAG have the tendency to deceive the public and have actually deceived the public, including Satellite itself and, on information and belief, customers of Satellite and/or Defendant JAG.

99.    With these false and/or misleading statements, JAG has also misrepresented the nature, characteristic, and/or qualities of its goods, in that JAG has misrepresented its commercially-available trailer step assemblies as patented by JAG.

100.    Moreover, these false statements of ownership were material and are likely to influence customers' purchase decisions and, on information in belief, have influenced customers' purchasing decisions with respect to Defendant JAG's products.

101.    The statements described above have entered into interstate commerce, including but not limited to by virtue of Defendant JAG's online advertising.

102.    Satellite has been injured by Defendant JAG's false statements of ownership, including by loss of public goodwill associated with its own products (including those with the Accused Step Assembly) and/or by diversion of sales of Satellite's products to Defendant JAG.

## SEVENTH CLAIM FOR RELIEF

**(Tortious Interference with Business Relationships Under Indiana Common Law)**

103.    Satellite restates and realleges each of the allegations set forth above as if fully set forth herein.

104.    Defendant JAG is liable for tortious interference with business relationships under Indiana common law.

105.    Satellite maintains business relationships with various customers in the sanitation industry, including but not limited to members of the PSAI trade group, Rentals to Go, United Rentals, and others.

106.    Defendant JAG is aware of those business relationships, including because many of these entities are customers and/or prospective customers of both Satellite and Defendant JAG.

107.    Defendant JAG intentionally and deliberately interfered with Satellite's business relationships by falsely accusing Satellite of infringing patents owned by Defendant JAG, "copying" JAG's purportedly patented products, and threatening suit against Satellite for alleged infringement of JAG's patents in communications with persons and entities who are customers or prospective customers of Satellite. *See* paragraphs 36-42.

108.    JAG's intentional interference with Satellite's business relationships are without justification and are objectively baseless, including because Defendant JAG has no legal interest in the patents and, therefore, no right to enforce them.

109.    On information and belief, these statements were intended specifically to interfere with Satellite's business relationships, its reputation, and the significant goodwill associated with its products.

110.    Satellite has suffered damages as a result of Defendant JAG's interference in its business relationships, including but not limited to damage to its reputation and loss of consumer goodwill.

## EIGHTH CLAIM FOR RELIEF

### (Fraudulent Misrepresentation Under Indiana Common Law)

111.    Satellite restates and realleges each of the allegations set forth above as if fully set forth herein.

112.    Defendant JAG is liable for fraudulent misrepresentation under Indiana common law.

113.    Defendant JAG made false statements of material fact concerning its ownership of the Patents-in-Suit. Specifically, Defendant JAG sent a cease and desist letter to Satellite fraudulently representing that JAG was entitled to enforce the Patents-in-Suit, accusing Satellite of willfully infringing those patents, and threatening legal action by JAG regarding the same. See Exhibit F.

114.    On information and belief, Defendant JAG made these statements knowing that they were false.

115.    On information and belief, Defendant JAG made these statements intending Satellite to rely on them and, as a result, take the steps outlined in Defendant JAG's letter. *See* Exhibit F at 2. This includes, but is not limited to, providing Defendant JAG

with confidential technical and financial information related to the Accused Step Assembly, ceasing sales of the Accused Step Assembly, recalling Accused Step Assemblies that had previously been sold, and paying for Defendant JAG's legal expenses. *Id.* Upon information and belief, Defendant JAG additionally and/or alternatively intended Satellite to provide financial compensation in the form of royalty payment/s.

116.    Satellite did, in fact, rely on the false statements made by Defendant JAG in its cease and desist letter, including but not limited to undertaking the costs of filing a declaratory judgment action against JAG for noninfringement in the District Court for the District of Minnesota.

117.    As a result of this reliance, Satellite has sustained damages, including but not limited to its attorneys' fees.

## JURY DEMAND

118.    A jury trial is demanded on all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Satellite respectfully requests relief against Defendants as follows:

a.    The Court declare and enter judgment that:

I.    Satellite has not and does not infringe, directly or indirectly, willfully or otherwise, any enforceable claim of the Patents-in-Suit; and

II.    Defendant Honer and Defendant Gibson, and those acting in concert with it or acting with knowledge of the judgment herein, are without right or authority to threaten or maintain suit against Satellite, or customers or users of Satellite's products or services, for alleged infringement of any enforceable claim of the Patents-in-Suit.

III.    Defendant JAG has engaged in false advertising under the Lanham Act, and has engaged in tortious interference with business relationships and fraudulent misrepresentation under Indiana common law.

b.    The Court enter an injunction enjoining Defendants and all persons acting in concert or participation with them from initiating infringement litigation against, and from threatening, Satellite or purchasers or customers or potential customers or distributors or users of Satellite's products with infringement litigation or liability or charging any of them verbally or in writing with infringement of any enforceable claim of the Patents-in-Suit, or representing to any of them that infringement has occurred, because of any activities of Satellite.

c.    The Court enter an injunction enjoining Defendant JAG, its officers, agents, servants, employees, and all persons acting in concert or participation with Defendant JAG from continued misrepresentation of its ownership of the Patents-in-Suit and/or Satellite's alleged infringement of them.

d.    An award of damages against Defendant JAG sufficient to compensate Satellite for Defendant JAG's false advertising, tortious interference with Satellite's business relationships, and fraudulent misrepresentations.

e.    An award of Satellite's costs and reasonable attorneys' fees incurred in this action pursuant to 35 U.S.C. § 285; and

f.    Such other relief as the Court deems just and proper.


Dated: <u>February 16, 2025</u>                              Respectfully submitted,

                                                    <u>/s/ James. M. Hinshaw</u>
                                                    James Hinshaw, Attorney No. 16744-49
                                                    DENTONS BINGHAM GREENEBAUM LLP
                                                    2700 Market Tower
                                                    10 West Market Street
                                                    Indianapolis, IN 46204
                                                    Phone +1-317-635-8900
                                                    James.Hinshaw@dentons.com

                                                    Philip P. Caspers (*pro hac vice to be filed*)
                                                    Peter M. Kohlhepp (*pro hac vice to be filed*)
                                                    Hannah Mosby O'Brien (*pro hac vice to be filed*)
                                                    CARLSON, CASPERS, VANDENBURGH & LINDQUIST, P.A.
                                                    225 South Sixth Street, Suite 4200
                                                    Minneapolis, MN 55402
                                                    Phone: (612) 436-9600
                                                    Facsimile: (612) 436-9605
                                                    pcaspers@carlsoncaspers.com
                                                    pkohlhepp@carlsoncaspers.com
                                                    hobrien@carlsoncaspers.com

                                                    *Counsel for Plaintiff Satellite Industries, Inc.*